**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                                      **vs.**                                 **5:96-CR-0221 (NAM)**

**MARVIN E. HENDERSON,**

                        **Defendant.**

---

**APPEARANCES:**                                 **OF COUNSEL:**

ANDREW T. BAXTER                     Grant C. Jaquith, Esq.
UNITED STATES ATTORNEY         Assistance U.S. Attorney
Northern District of New York
100 South Clinton Street
Room 900, P.O. Box 7198
Syracuse, New York  13261-7198

MARVIN E. HENDERSON
FPC - Canaan
P.O. Box 200
Waymart, Pennsylvania 18472
*Defendant, Pro Se*

**Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM DECISION AND ORDER

**I.    Introduction**

On December 12, 1997, defendant was convicted after a jury trial of conspiracy to distribute cocaine and crack cocaine; possession with intent to distribute and distribution of crack cocaine and aiding and abetting such conduct.  Defendant's offense level was 34 with a criminal history category of III.  On September 1, 1998, the Court imposed a sentence of 240 months imprisonment to be followed by 10 years of supervised release based upon accountability for 50 or more grams of crack cocaine and defendant's prior drug felony conviction.  On July 15, 2000,

the Second Circuit affirmed his conviction. *U.S. v. Howard*, 216 F.3d 1074 (2d Cir. 2000) *cert. denied*, 121 S.Ct. 407. In 2001, defendant moved to set aside his conviction pursuant to 28 U.S.C. § 2255. Defendant's motion was denied by the Decision & Order of Judge McAvoy. *See Henderson v. U.S.*, 01-CV-458, Dkt. No. 375 (July 30, 2001). In 2008, defendant moved for a reduced sentence based upon 18 U.S.C. § 3582(c)(2), the Amendments to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), and the Supreme Court decisions in *U.S. v. Booker*, 543 U.S. 200 (2005) and *Kimbrough v. U.S.*, 126 S.Ct. 558 (2007). The Court denied defendant's motion and stated, "[t]he defendant was sentenced to a 20 year mandatory minimum". *See U.S. v. Henderson*, 05-CR-0221, Dkt. No. 394 (April 14, 2008).

Presently before the Court is defendant's second motion for a reduction pursuant to 18 U.S.C. § 3582(c). Defendant *pro se* moves (Dkt. No. 400) for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), Amendments 706 and 715 to the U.S.S.G., *Kimbrough* and the Supreme Court decision in *Spears v. U.S.*, 129 S.Ct. 840 (2009). The government has opposed the motion. (Dkt. No. 401). For the reasons set forth below, the motion is denied.

**II.     Discussion**

Under 21 U.S.C. § 841(b)(1)(A), the court is required to impose a mandatory minimum term of 20 years (240 months) imprisonment upon any defendant who possesses "50 grams or more of a mixture or substance ... which contains cocaine base ... [and] commits such a violation after a prior conviction for a felony drug offense." *Coleman v. U.S.*, 329 F.3d 77, 80 (2d Cir. 2003). Where a statutory mandatory minimum sentence exceeds the applicable Guidelines range, the Court must set the Guidelines sentence at the statutorily required minimum. *See* U.S.S.G. § 5G1.1(b); *U.S. v. Williams*, 551 F.3d 182, 186 (2d Cir. 2009). In such a case, the original

Guidelines have no bearing on what becomes the defendant's Guideline sentence because the mandatory minimum "subsume[d] and displace[d] the otherwise applicable guideline range. *Williams*, 551 F.3d at 185 (citing *U.S. v. Cordero*, 313 F.3d 161, 166 (3d Cir. 2002)). Once the mandatory minimum applies, the defendant's sentence is no longer based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *Id.* Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which is sentence was based, § 3582(c)(2) does not authorize a reduction in sentence. *U.S. v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008) (denying the defendants' motion and holding that although Amendment 706 would reduce the base offense level, it would not affect the defendants' guideline ranges because they were sentenced as career offenders).

In the case at hand, defendant argues that the district court's sentencing range was based upon, "the misunderstanding that the original mandatory minimum (set by drug quantity) could not be affected". Defendant further argues that, "[e]ven in a case in which the mandatory minimum applied originally" that the "Court must recognize the drug quantity which it originally held the defendant responsible was incorrect".[1] Defendant essentially contends that the Supreme Court decisions in *Kimbrough* and *Spears* induced the application of § 3582(c)(2) and mandate that the Court review defendant's sentence to determine the offense level based upon the corrected drug quantity. The Court disagrees.

In *Kimbrough*, the Court recognized that judges may depart from the Sentencing Guidelines crack-cocaine quantity ratio if the court concludes that the guidelines ratio yields a sentence "greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a)". *Primo v. U.S.*,

---

[1] Defendant argues that he should be held responsible for 40 grams of cocaine base and therefore, there is no mandatory minimum.

3

2008 WL 428449, at *4 (S.D.N.Y. 2008) (quoting *Kimbrough*, 128 U.S. at 575). In *Spears*, the Court clarified the meaning of *Kimbrough* and stated that a district court, "may not categorically reject the [crack-to-powder] ratio set forth by the Guidelines," but instead must make and "individualized, case-specific" determination. *U.S. v. Lente*, 2009 WL 1143167, at *12 (10th Cir. 2009) (quoting *Spears*, 129 S.Ct. at 842-43). Despite defendant's contentions, *Kimbrough* and *Spears* do not independently authorize the district court to reduce a defendant's sentence under § 3582(c). *See U.S. v. Jackson*, 303 Fed.Appx. 815, 819, n.2 (11th Cir. 2008); *see also U.S. v. Cherry*, 2009 WL 1241623, at *5 (11th Cir. 2009) (holding that precedent foreclosed the defendant's argument that *Kimbrough* provided an independent basis to obtain § 3582(c)(2) relief); *see also U.S. v. Guerrero*, 2009 WL 1110555, at *2 (S.D.N.Y. 2008) (holding that *Kimbrough* does not apply to sentence reductions under § 3582(c)(2)). *Kimbrough* recognizes that a district court may disagree with the disparity of the crack cocaine guidelines, however, mandatory minimum sentences imposed by statute must be followed. *U.S. v. Fanfan*, 558 F.3d 105, 111 n.6 (1st Cir. 2009) (citing *Kimbrough*, 128 S.Ct. at 573).

Defendant was sentenced to 240 months based upon his accountability for 50 or more grams of crack cocaine and his prior drug felony conviction. *See Henderson v. U.S.*, 01-CV-458 (Dkt. No. 375) (July 30, 2001). Because the statutory 240-month mandatory minimum exceeded the applicable pre-amendment Guidelines range, the statutory minimum became the Guidelines sentence. The Court arrived at defendant's sentence by applying the statutory mandatory minimum established in 18 U.S.C. § 841(b); the sentencing range in the Guidelines had no bearing on defendant's sentence. Accordingly, *Kimbrough* and *Spears* have no application to defendant's sentence and defendant's request for modification is denied.

**III.** Conclusion

It is therefore,

**ORDERED** that defendant's motion to reduce his sentence is DENIED.

**IT IS SO ORDERED.**

Date:   June 5, 2009

_____
Norman A. Mordue
Chief United States District Court Judge